UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
DEREK A. DEAL,

                        Petitioner,                      **MEMORANDUM & ORDER**
                                                                 10-CV-3307 (MKB)
           v.

JOSEPH A. BELLNEIR, Superintendent,
Marcy Correctional Facility


                        Respondent.
----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Petitioner Derek A. Deal, proceeding *pro se*, brings the above-captioned habeas corpus petition pursuant to 28 U.S.C. § 2554, in which he alleges he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a judgment of conviction rendered in the Suffolk County Court on October 14, 2005, following his plea of guilty to one count of burglary in the second degree, N.Y. Penal Law Section 140.25(2). Petitioner was sentenced, as a violent offender pursuant to N.Y. Penal Law Section 70.02,[1] to seven years of incarceration followed by a period of five years of post-release supervision. Petitioner appealed his conviction to the New York Supreme Court Appellate Division, Second Department ("Appellate Division"), claiming, *inter alia*, that he was denied due process, and his sentence was invalid, because (1) an individual of ordinary intelligence would not have had fair notice that the burglary offense defined in Section 140.25(2) qualified as a violent crime, and (2)

---

[1] New York Penal Law Section 70.02(1)(b) is the applicable sentencing statute to New York Penal Law Section 140.25(2) and applies only to violent felony offenses. N.Y. Penal Law § 70.02(1)(b).

Section 70.02 was vague-as-applied, and the rule of lenity required that his sentence be vacated. On March 24, 2009, the Appellate Division rejected Petitioner's claims and affirmed his conviction. *People v. Deal*, 874 N.Y.S.2d 824 (App. Div. 2009). On July 13, 2009, the New York Court of Appeals denied leave to appeal. *People v. Deal*, 12 N.Y.3d 924 (2009).

In the instant application, Petitioner argues that: (1) Petitioner was deprived of due process in violation of the Fourteenth Amendment of the United States Constitution because he was not given fair notice that burglary in the second degree, as defined in N.Y. Penal Law Section 140.25(2), is a violent felony offense subject to sentencing under Section 70.02(1)(b); and (2) the rule of lenity should apply to Petitioner's burglary sentence because "reasonable doubt exists as to the statute['s] intended scope." (Pet. 5(a).)[2] For the reasons set forth below, the petition is denied.

## I. Background

### a. Incident and arrest

On May 10, 2005, at approximately 3:40 PM, Petitioner entered into a residence in Shirley, a hamlet in the town of Brookhaven, New York. (Plea Tr. dated Aug. 10, 2005 ("Plea Tr.") 12:7–13:20.) Petitioner stole money and jewelry. (Plea Tr. 12:19–13:3.) On May 11, 2005, Petitioner entered into another residence in Shirley during daytime hours, and stole jewelry and a Motorola cellular telephone. (Pet'r App. Br. dated Sept. 13, 2008, at 1.) Petitioner was arrested, charged and indicted in the Suffolk County Court for (1) two counts of burglary in the second degree, N.Y. Penal Law § 140.25(2), both class C violent felonies; (2) one count of

---

[2] The Petition consists of a form habeas corpus petition, with additional pages inserted by the Petitioner. Where such pages have been added, they are enumerated with a letter following the page number of the previous form-petition page. For ease of reference, the Court adopts Petitioner's pagination.

2

criminal mischief in the third degree, N.Y. Penal Law § 145.05, a class E Felony; and (3) resisting arrest, N.Y. Penal Law § 205.30, a class A misdemeanor. (Resp't Reply Mem., Docket Entry No. 7, ¶ 4.)

### b. Guilty plea

On August 10, 2005, Petitioner verbally entered a plea of guilty to one count of burglary in the second degree, a class C violent felony. (Plea Tr. 13:5–13:20.) In exchange for his guilty plea, Petitioner was promised that he would be sentenced to seven years' incarceration followed by five years' post-release supervision, contingent upon Petitioner's payment of $7000 restitution prior to sentencing. (Plea Tr. 2:22–4:3, 9:2–10:3.) At the plea allocution, Petitioner affirmed that he was not under the influence of any drugs, medication or alcohol, he had fully discussed his plea with his counsel, he was satisfied with his legal representation, he understood the terms of the plea, he was pleading voluntarily and without threat or coercion, and he understood that pleading guilty is "the functional equivalent of a guilty verdict post-trial." (Plea Tr. 6:8–24, 8:7–21.) He acknowledged that he was pleading guilty to the burglary because he was, in fact, guilty of that crime. (Plea Tr. 11:18–13:7.) Petitioner specifically waived his constitutional right to trial and other attendant rights, which were described to him, (Plea Tr. 6:25–7:14), waived any defenses he had in this case, (Plea Tr. 8:22–25), and waived "any and all basis [] for appeal, and any and all appellate rights," (Plea Tr. 7:15–8:6).

Upon the court's acceptance of Petitioner's guilty plea to one count of burglary in the second degree, Petitioner requested permission to speak, stating:

> I understand I waived my right for any kind of appeal. However, do I need to state my objections on the record for any post conviction collateral challenge, as the statute is unconstitutional, vague or overly broad with respect to my conduct, because I am considered to be a violent felony [*sic*] offender, and I am going to

3

>challenge the statute in your courtroom in some later date, maybe a
>couple of years or a year.

(Plea Tr. 14:19–15:7.) Petitioner then inquired what, if any, objections to the law he must make in order to bring a post-conviction motion. (Plea Tr. 15:4–7, 20–24.) The court advised Petitioner that it could not take the matter under consideration since the legislation has defined burglary in the second degree as a class C violent felony, but that Petitioner would have the opportunity to speak fully at sentencing. (Plea Tr. 15:12–19; 15:25–16:3.)

### c. Sentencing

On October 14, 2005, pursuant to the bargained-for plea agreement, Petitioner paid $7000 in restitution and was sentenced to a determinate term of seven years' incarceration, followed by five years' post-release supervision. (Sentencing Tr. dated October 14, 2005 ("Sen. Tr.") 7:17–9:7.) Petitioner addressed the court at sentencing and asserted his intent to file a post-conviction collateral challenge to the constitutionality of the New York State statute classifying burglary in the second degree as a violent felony offense, regardless of whether violence had occurred. (Sen. Tr. 10:14–11:17.) The court allowed Petitioner to place his argument on the record, noting that Petitioner had previously raised some of the same arguments. (Sen. Tr. 11:18–21.)

### d. Appeals

Despite Petitioner's repeated acknowledgement that he had waived the right to appeal, Petitioner filed a notice of appeal, *pro se*, on November 2, 2005. On July 26, 2007, Petitioner's assigned appellate counsel filed a brief in the Appellate Division pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming that no nonfrivolous issues could be made on appeal

and requesting leave to withdraw as counsel.³ Counsel noted in his brief that Petitioner: (1) never moved to withdraw his guilty plea pursuant to New York's Civil Practice Law and Rules Section 220.60(3), rendering any claims concerning the plea itself unpreserved for review; (2) never objected to the terms of his sentence; (3) knowingly, intelligently, and voluntarily waived the right to appeal his plea and sentence; (4) entered into a reasonable plea bargain; and (5) raises only meritless arguments concerning the constitutionality of New York Penal Law Section 140.25(2). (Br. Pursuant to *Anders v. California*, dated July 30, 2007.) On October 17, 2007, the Appellate Division granted Petitioner leave to serve and file a *pro se* supplemental brief. Petitioner filed his supplemental brief, claiming that: (1) N.Y. Penal Law Section 70.02 improperly "circumvent[s] a definition of a violent crime" by simply listing certain other offenses and categorically defining those as violent felonies; (2) N.Y. Penal Law Section 140.25(2) fails to give a person of ordinary intelligence fair notice that the offense defined therein is a violent crime; (3) the Appellate Division had erred in an earlier ruling regarding the construction of Section 70.02 in conjunction with Section 140.25; and (4) because Section 70.02 was vague as applied, the rule of lenity required his sentence be vacated. (Pet. 3(a).)

---

³ An *Anders* brief is submitted by a criminal defendant's appointed counsel to the appellate court when counsel believes that there are no non-frivolous grounds upon which an appeal can be made. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must make "a conscientious examination of" the defendant's case, provide "a brief referring to anything in the record that might arguably support the appeal," and seek permission to withdraw as counsel. *Id*. The procedures adopted by New York State courts closely parallel and are modeled on the procedures set forth by the Supreme Court in *Anders*. *People v. Stokes*, 95 N.Y.2d 633, 637 (2001) ("If counsel determines, after making a diligent and conscientious examination of the record, that the appeal is frivolous he or she may apply for relief from the assignment and such application must be accompanied by a brief reciting the underlying facts and raising all points which may arguably provide a basis for appeal, with references to the record and citation of applicable legal authorities." (alteration, citation, and internal quotation marks omitted)).

On March 24, 2009, the Appellate Division affirmed Petitioner's judgment of conviction. *People v. Deal*, 874 N.Y.S.2d 824, 824 (App. Div. 2009). The court held:

> We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted. The defendant has not, nor could he have, raised any nonfrivolous issues in his supplemental pro se brief.

*Id.* (internal citations omitted). The Appellate Division thus affirmed Petitioner's conviction. *Id.* In his application to the New York State Court of Appeals, Petitioner raised only two of the four grounds presented to the Appellate Division, namely: (1) that N.Y. Penal Law Section 70.02 was vague as applied to this offense, which only had a potential for violence, and (2) that Section 140.25(2) fails to give a person of ordinary intelligence fair notice that the offense defined therein is a violent felony offense. (*See* Pet. 3(a).) Petitioner also raised a third challenge as to how N.Y. Penal Law Section 140.25(2) should be interpreted in light of its legislative history. (Pet. 3(b).) The Court of Appeals denied Petitioner leave to appeal on July 13, 2009. *People v. Deal*, 12 N.Y.3d 924 (2009).

Petitioner timely filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he was deprived of due process under the Fifth and Fourteenth Amendments of the United States Constitution because: (1) Petitioner was not given fair notice that the burglary offense, as defined, qualified as a violent felony; and (2) N.Y. Penal Law Section 70.02 "refers to a substantive offense, adding the aggravating element of violent *mens rea* to the specified offense in order to invoke the enhanced penalty provided for 'violent felony offenders,'" and at best ambiguously labels daytime burglary of a dwelling as a violent crime, thus necessitating application of the rule of lenity. (Pet'r Mem. ¶¶ 7, 15–17; Pet'r Reply Mem. 3, 6; Pet'r Reply

6

¶ 5b.[4]) In other words, Petitioner argues that the statute is unconstitutionally vague both because it fails to give fair notice of the conduct it proscribes, and because it permits arbitrary enforcement of the statute as a violent felony. Petitioner argues that because the statute is vague, the rule of lenity should be applied in his favor. Petitioner requests that his writ of habeas corpus be granted in its entirety and that the matter be remanded to the state court for resentencing as a non-violent felony offender. (Pet'r Reply Mem. 9.)

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved in an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[5] 28 U.S.C. § 2254(d); *see also Johnson v. Williams*, 568 U.S ---, ---, 133 S. Ct. 1088, 1091 (2013); *Lafler v. Cooper*, 566 U.S. ---, ---, 132 S. Ct. 1376, 1390 (2012).

---

[4] Petitioner's Reply to Respondent's Answer has two paragraphs, both labeled as "¶ 5." For the purposes of this Memorandum and Order, the first "¶ 5" will be referred to as ¶ 5a, and the second will be referred to as ¶ 5b. (Pet'r Reply ¶ 5a and ¶ 5b.)

[5] A state court decision constitutes an adjudication on the merits even when it does not explicitly discuss the reasoning for its decision, as long as it indicates that the claim was resolved on substantive, rather than procedural, grounds. *See Sellan v. Kuhlman*, 261 F.3d 303, 314 (2d Cir. 2001). Here, the Appellate Division held that Petitioner had "not, nor could he have, raised any nonfrivolous issues in his supplemental pro se brief" on appeal. *People v. Deal*, 874 N.Y.S.2d 824, 824 (App. Div. 2009). This provides some indication that the Appellate Division

7

For the purposes of federal habeas review, "clearly established Federal law" is defined as the "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" acts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the Petitioner's case. *Id*. at 412–13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id*. In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Mootness

Since he filed the instant petition challenging his sentence as a violent felony offender, Petitioner has been released from custody and re-incarcerated for another offense. *See Deal v. Gonyea*, No. 14-CV-2173 (petition for habeas corpus from Petitioner Derek A. Deal, relating to August 2011 conviction); N.Y. State Dep't of Corr. & Cmty. Supervision, *Inmate Population Information Search*, http://nysdoccslookup.doccs.ny.gov/ (search for DIN: 05-A-5427) (last

---

considered and rejected Petitioner's arguments, as raised in his supplemental *pro se* brief, on the merits of the arguments and did not simply dismiss Petitioner's appeal on procedural grounds. Therefore, this Court will review the state court's decision under the standards prescribed in 28 U.S.C. § 2254(d).

visited February 4, 2015). The maximum expiration date of Petitioner's sentence for burglary in the second degree was May 7, 2012.

Federal courts are limited in jurisdiction to cases that present a live case or controversy. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To maintain standing to challenge a conviction or sentence after a petitioner's sentence has expired, the petitioner must establish he suffers from concrete and continuing injuries beyond the now-completed incarceration. *Id.*; *see also United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) ("[T]he case will remain a live case or controversy if there exists 'some concrete and continuing injury' or 'collateral consequence' resulting from the conviction." (citing *Spencer*, 523 U.S. at 7)); *Gutierrez v. Laird*, No. 05-CV-5135, 2008 WL 3413897, at *1 (E.D.N.Y. Aug. 8, 2008) ("Habeas petitioners no longer in custody must demonstrate a concrete and continuing injury that is a collateral consequence of detention."). In cases challenging the validity of a criminal conviction, the court is permitted to "presume the existence of collateral consequences sufficient to satisfy the case or controversy requirement . . . ." *See Mercurris*, 192 F.3d at 293 (quoting *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999) (internal quotation marks omitted)). However, a petition for habeas corpus challenging only a sentence and not the underlying conviction is not entitled to a presumption that collateral consequences to the incarceration exist. *Id.* at 294; *Lewis v. New York*, No. 08-CV-4978, 2012 WL 5419899, at *3 (E.D.N.Y. Nov. 6, 2012) ("[W]hen a defendant challenges only an expired sentence, no presumption of collateral consequences applies, and the defendant must bear the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable decision." (quoting *Alshalabi v. United States*, No. 08-CV-2734, 2012 WL 727911, at *3 (E.D.N.Y. Mar. 6, 2012) (internal quotation marks and alterations omitted))).

9

Here, Petitioner challenges only his sentence as a violent felony-offender, and does not challenge the validity of his underlying burglary in the second degree conviction. *See Sito v. Senkowski*, No. 91-CV-1266, 1998 WL 120293, at *2 (E.D.N.Y. Mar. 12, 1998) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." (quoting *United States v. Broce*, 488 U.S. 563, 574 (1989) (internal quotation marks omitted))). Because Petitioner has served his sentence and no order from this Court could undo the time he spent serving his sentence, the petition is moot unless Petitioner shows some additional ongoing restraint on his liberty. *See Mercurris*, 192 F.3d at 294 ("There being no presumption of collateral consequences," the habeas petitioner, contesting only the application of a sentencing enhancement "must bear the burden of demonstrating some 'concrete and continuing injury' sufficient to create an Article III case or controversy." (citations omitted)). To the extent Petitioner challenges his status as a violent offender in and of itself, such a challenge is likely also moot. The prospect of a future sentencing enhancement alone is not grounds to warrant the presumption of collateral consequences. *See Mercurris*, 192 F.3d at 294 ("[A] finding of collateral consequences cannot be based on the speculation that an individual will receive an enhanced sentence in a future sentencing proceeding in connection with a crime he has not yet committed."); *Lewis*, 2012 WL 5419899, at *3. While such a status may have a collateral effect or consequence on future sentencing, such an argument is "contingent upon [Petitioner's] violating the law, being caught and convicted. [Petitioner himself is] able — and indeed required by law — to prevent such a possibility from occurring." *Mercurris*, 192 F.3d at 294 (quoting *Spencer*, 523 U.S. at 15) (internal quotation marks omitted).

In the instant action, however, the Court notes that Petitioner's sentence as a violent offender has had potential collateral consequences as to his subsequent, August 2011 conviction. *See Deal v. Gonyea*, No. 14-CV-2173 (petition for habeas corpus from Petitioner Derek A. Deal, relating to August 2011 conviction, in which Petitioner was sentenced as a persistent violent felony offender). Petitioner remains in custody for that conviction. N.Y. State Dep't of Corr. & Cmty. Supervision, *Inmate Population Information Search*, http://nysdoccslookup.doccs.ny.gov/ (search for DIN: 11-A-4619) (last visited February 4, 2015). To the extent the relief Petitioner requests, which includes re-sentencing under a statute other than the violent offender statute, could impact the length of the sentence which he is currently serving, there may be a sufficient concrete and continuing injury that a decision from this Court could remedy. Because neither of the parties has raised or had the opportunity to address this issue, the Court addresses the merits of the petition below.

### c. Waiver of appeal

"A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, ---, 131 S. Ct. 1120, 1127 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009) (internal quotations omitted) (alterations in original)). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 81–82 (1977)). Federal courts are generally not permitted to "review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S.

722, 729 (1991)). A state law ground is deemed "adequate" if the rule "is firmly established and regularly followed by the state in question." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (quoting *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999)).

An affirmative waiver of the right to appeal may constitute an independent and adequate state law ground on which to deny federal habeas review, independent of the federal question Petitioner raises. *See generally Haynes v. New York*, No. 10-CV-5867, 2012 WL 6675121, at *8 (E.D.N.Y. Dec. 21, 2012) ("When a state court relies on an independent and adequate state law ground — such as, in this case, a valid waiver of right to appeal — federal habeas review is denied.") (collecting cases); *Alvarez v. Yelich*, No. 09-CV-01343, 2012 WL 2952412, at *5 (E.D.N.Y. July 17, 2012) ("Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief."). Generally, a "defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *United States v. Contreras*, 110 F. App'x 153, 154 (2d Cir. 2004) (quoting *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam)); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). The defendant may only later attack the voluntariness of the guilty plea. *Tollett*, 411 U.S. at 266–67 (noting that the nature of the advice leading to a guilty plea, including ineffective assistance of counsel and the failure of counsel to evaluate facts giving rise to a constitutional claim, may affect the voluntariness of a plea).

However, this rule is grounded in the principle that a guilty plea resolves factual questions of guilt supporting the conviction, rendering pre-plea constitutional violations irrelevant as to the bearing on a criminal defendant's factual guilt. *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006) ("[A] guilty plea does not 'waive' constitutional challenges so much as it conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue . . . ." (citing *Haring v. Prosise*, 462 U.S. 306, 321 (1983) and *Menna v. New York*, 423 U.S. 61, 62 n.2, (1975))). Under New York law, some challenges to a sentence may not be procedurally barred even if a defendant had waived the right to appeal his conviction. *See Alvarez*, 2012 WL 2952412, at *4 ("Though challenges to the legality of the sentence survive a valid waiver of the right to appeal, challenges to adequacy of the procedures used by the sentencing court in determining the sentence do not." (citing *People v. Callahan*, 80 N.Y.2d 273 (1992) and *People v. Horne*, 97 N.Y.2d 404, 414 n.3 (2002))). In the instant action, Petitioner does not challenge his factual guilt or the evidence against him, but rather raises constitutional challenges to the New York State laws underlying his sentence and the legality of his sentence as imposed pursuant to those statutes. Thus, the Court will not deem the issue of waiver dispositive.

    **d. Petitioner's habeas claims**

        **i. Fair notice and vagueness**

Petitioner argues that he was denied due process when he was sentenced as a violent felony-offender for two reasons. First, he argues that New York State's Penal Law, both in the plain text and when considering the legislative history, fails to provide fair notice that Section 140.25(2) is classified as a violent felony pursuant to Section 70.02(1)(b). (Pet'r Mem. ¶¶ 6, 8.) Petitioner further argues that N.Y. Penal Law Section 70.02(1)(b), the sentencing

statute, is vague and when read in conjunction with Section 140.25(2), which renders Section 140.25(2) unconstitutionally "vague-as-applied" because there is nothing in Section 140.25's defining section that indicates violence is an element of burglary in the second degree, permitting "arbitrary" application of Section 70.02(1)(b) to offenses that may not include violence. (Pet'r Reply ¶ 5b; Pet'r Reply Mem. 7.)

"A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008) (*citing Hill v. Colorado*, 530 U.S. 703, 732 (2000) (noting that fair notice, a subset of the void-for-vagueness doctrine, is but one factor in determining that a statute is unconstitutionally vague)). "[T]he void for vagueness doctrine addresses at least two connected but discrete due process concerns: first, that regulated parties should know what is required of them so that they may act accordingly; second, precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way." *Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960, at *23–24 (E.D.N.Y. Sept. 7, 2013) (*quoting F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. ---, ---, 132 S. Ct. 2307, 2317 (2012)); *see also Hayes v. N.Y. Att'y Grievance Comm. of the Eighth Judicial Dist.*, 672 F.3d 158, 168–69 (2d Cir. 2012) (discussing the void for vagueness test); *Cunney v. Bd. of Trs. of Vill. of Grand View, N.Y.*, 660 F.3d 612, 621 (2d Cir. 2011) (same). In determining whether a statute is unconstitutionally vague, a court must first determine whether a statute gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited, and second, the court must consider whether the law provides explicit standards for those who apply it. *Hill*, 530 U.S. at 732.

The constitutional requirement that statutes provide "fair notice" of both proscribed conduct and accompanying sanctions grows out of due process protections embedded in the Fifth and Fourteenth Amendments. *Williams*, 553 U.S. at 304; *Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007). "The 'basic and general principle of fair warning' was set forth by the Supreme Court as follows: '[D]ue process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope.'" *Ortiz v. N.Y.S. Parole in Bronx, N.Y.*, 586 F.3d 149, 158–59 (2d Cir. 2009) (quoting *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001)) (alteration in original). The principal is violated if judicial construction of a statute is "unexpected and indefensible" in light of the law that had been in place prior to the conduct at issue. *Id.* "The Due Process Clause requires only that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden, and thus not lull the potential defendant into a false sense of security, giving him no reason even to suspect that his conduct might be within its scope." *Id.* at 159 (quoting *Rubin v. Garvin*, 544 F.3d 461, 469 (2d Cir. 2008)). If the behavior in question is specifically proscribed on a statute's face, vagueness challenges may not prevail. *Farrell v. Burke*, 449 F 3d 470, 496 (2d Cir. 2006) (finding that the fact that defendant's behavior was specifically proscribed on the face of a challenged statute precluded a finding that the statute was vague as applied); *cf. Taylor v. Cuomo*, No. 07-CV-2138, 2007 WL 3540351, at * 4–5 (E.D.N.Y. Nov. 14, 2007) (holding that the interplay of two subdivisions within a criminal statute was not vague, unambiguous or overbroad and did not warrant application of the rule of lenity).

The decision of the state court to deny Petitioner relief on his fair notice and vagueness claims was not contrary to, or an unreasonable application of, clearly established federal law. At the time of Petitioner's conduct, N.Y. Penal Law Section 140.25(2) provided, in relevant part,

15

that "[a] Person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when: . . . [t]he building is a dwelling. Burglary in the second degree is a class C felony." N.Y. Penal Law § 140.25(2). Section 70.02(1)(b) further stated, in pertinent part, that "a class C violent felony offense . . . is defined as follows . . . burglary in the second degree as defined in [New York Penal Law Section] 140.25." N.Y. Penal Law § 70.02(1)(b). As is clear from the text of these statutes, Petitioner had fair notice that his specific conduct, burglary of a dwelling, was proscribed under N.Y. Penal Law Section 140.25, and that such burglary was categorically defined as, and subject to sentencing as, a class C violent felony offense under Section 70.02(1)(b). Therefore, sentencing Petitioner as a violent felony offender was not "novel" or "unexpected and indefensible," based on the terms of the statute. *See Ortiz*, 586 F.3d at 158–59 (quoting *Rogers*, 532 U.S. at 459). Petitioner argued to the Appellate Division and the New York State Court of Appeals that these statutes failed to give him, or a reasonable person of ordinary intelligence, fair notice, and both courts summarily denied Petitioner relief. Petitioner's argument that the State's interpretation of the statute is at odds with the statute's plain meaning is meritless.

Petitioner's hypothetical assertions of what "could" or "may" have been assumed by another person of ordinary intelligence do not undermine the fact that such a reasonable person of ordinary intelligence would have been able to tell, from the face of the statutes at issue, that the charged burglary offense was defined as a violent felony. *See Maynard v. Cartwright*, 486 U.S. 356, 361 (1988) ("Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk."); *Taylor*, 2007 WL 3540351, at *4 (the vague-as-applied analysis must look to actual behavior in question as opposed to the "statute's facial validity").

Furthermore, Petitioner's argument that the statute is unconstitutionally vague because second degree burglary is defined as a violent felony offense regardless of whether actual violence occurred is meritless. *See Sito*, 1998 WL 120293, at *2 ("[T]he [New York State] legislature's classification of Second Degree Burglary as a 'violent felony,' regardless of whether any violence occurs, is entirely rational and is 'entitled to great deference, since the potential for violence is always present.'" (quoting *People v. Mastropietro*, 604 N.Y.S.2d 149, 151 (App. Div. 1993))). In this case, Section 140.25(2) unambiguously proscribed Petitioner's actions, and Section 70.02(1)(b) sufficiently articulates the penalties available upon conviction. During his sentencing, Petitioner admitted to conduct specifically proscribed in the statute. (Sen. Tr. 11:18–19; 12:8–13:4); *see* N.Y. Penal Law § 140.25(2) (describing second degree burglary as a crime when one "[k]nowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when: . . . [t]he building is a dwelling."). Therefore, Petitioner's argument that the statutes failed to give him fair notice of the penalties he risked, or is otherwise unconstitutionally vague-as-applied to him, fails.

### ii. Rule of Lenity

Petitioner argues that N.Y. Penal Law Section 140.25(2), read in conjunction with N.Y. Penal Law Section 70.02(1)(b), is "[v]ague 'as applied' to its interpretation of a violent felony offense without any provisions of violence in its defining section, thereby depriving Petitioner of fair notice that the offense 'as define[d]' in a violent felony offense," and it warrants application of the rule of lenity. (Pet'r Reply ¶ 5b; Pet'r Reply Mem. 4, 7.) Petitioner argues that the rule of lenity, the principal of statutory construction that "criminal statutes, including sentencing provisions, are to be construed in favor of the accused," should apply in his case. *See Taylor v. United States*, 495 U.S. 575, 596 (1990) (citing *Bifulco v. United States*, 447 U.S. 381, 387

(1980)). Respondent argues that Section 140.25(2), when read in conjunction with Section 70.02(1)(b), allows for no ambiguity, and the rule of lenity should not be applied. (Resp't Mem. 5.) For the reasons set forth below, the Court finds that application of the rule of lenity is neither warranted nor relevant.

The rule of lenity is a principle of statutory construction that resolves clear ambiguities in a statute in the defendant's favor. *See Lurie v. Wittner*, 228 F.3d 113, 126 (2d Cir. 2000) (noting that "the rule of lenity is a canon of statutory construction, not in itself federal law" (citations omitted)). The rule of lenity, in and of itself, is not a basis for habeas relief. *Lurie*, 228 F.3d at 125; *see United States v. Torres-Echavarria*, 129 F.3d 692, 698 n.2 (2d Cir. 1997) (rule of lenity is not federal law). The exception is when the rule of lenity "is called into service to protect" certain constitutional rights. *See Lurie*, 228 F.3d at 126. Only when a Petitioner succeeds in proving that a state statute either: (1) fails to meet constitutional standards of fair notice; or (2) that the statute is unconstitutionally vague, can a federal court apply the rule of lenity. *Id.* (citations omitted). "This maxim of statutory construction . . . cannot dictate an implausible interpretation of a statute, nor one at odds with the generally accepted contemporary meaning of a term." *Taylor*, 495 U.S. at 596 (citing *Perrin v. United States*, 444 U.S. 37, 49 n.13 (1979)).

As discussed above, Petitioner does not raise a federally cognizable claim that either statute is unconstitutionally vague-as-applied or that they fail to meet constitutional standards of fair notice.[6] *See United States v. Roberts*, 442 F.3d 128, 130–31 (2d Cir. 2006) (application of rule of lenity not warranted unless there is a "grievous ambiguity or uncertainty" in statutory

---

[6] The second part of the vagueness doctrine prohibits statutes which are so standardless as to encourage arbitrary or discriminatory enforcement thereof. *Williams*, 553 U.S. at 304 (*citing Hill v. Colorado*, 530 U.S. 703, 732 (2000)). Petitioner does not argue that this statute falls within the second prong of the vagueness doctrine, stressing that the statute is vague-as-applied, and thus the Court does not address the second part of the vagueness doctrine.

language (quoting *Chapman v. United States*, 500 U.S. 453, 463 (1991))); *Lurie*, 228 F.3d at 126; *Farrell*, 449 F 3d at 496 (finding that the fact that defendant's behavior was specifically proscribed on the face of a challenged statute precluded a finding that the statute was vague as applied). Furthermore, it has been widely held in New York State that the legislative classification of burglary in the second degree as a violent felony is constitutional. *People v. Johnson*, 832 N.Y.S.2d 312, 315–16 (App. Div. 2007) (rejecting argument that "the imposition of a sentence for burglary in the second degree as a violent felony offense . . . . [was unlawful because of the] unconstitutional or illegal [] legislative classification of burglary in the second degree as a violent felony[,] because no violence was used or proven in this case") (collecting cases holding classification constitutional)); *People v. Kepple,* 469 N.Y.S.2d 801, 802–03 (App. Div. 1983) (holding that public safety is a sufficient rational basis for the legislative position to classify all burglaries as class C or higher violent felony offenses). Petitioner seems to argue for the application of his own novel construction to N.Y. Penal Law Section 140.25(2) by arguing that the legislature, in amending Section 140.25, did not know that they were classifying burglary of a home as a violent felony offense. (Pet'r Reply Mem. 6–8.) However, Petitioner's interpretation of the legislative history of Section 140.25, which is at odds with 30 years of New York state court interpretation of the statute, is not a proper basis for the requested relief. *See Taylor*, 495 U.S. at 596 (finding application of rule of lenity not warranted when the proposed statutory construction was "at odds with the generally accepted contemporary meaning of a term" and was unsupported by the language of the statute or the statute's legislative history). Petitioner's proposed unduly narrow reading of Section 140.25(2) is unwarranted, because no reasonable doubt exist as to the intended meaning of the statute, when the plain meaning, legislative intent, and judicial application of Section 140.25(2) and Section 70.02(1)(b) are

19

unambiguous. *See Moskal v. United States*, 498 U.S. 103, 107–08 (1990) (declining to "deem a statute 'ambiguous' for purposes of lenity merely because it was *possible* to articulate a construction more narrow than that urged by the Government" (citations omitted)). Thus, it was not unreasonable for the state courts to conclude that application of the rule of lenity was unwarranted.

### III. Conclusion

For the foregoing reasons, the Court denies Petitioner's application for a writ of habeas corpus. The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to close the case.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: February 24, 2015
Brooklyn, New York